# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE DOXIM, INC. DATA SECURITY INCIDENT LITIGATION** | **2:24-CV-11550-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 74)** |

This case arises from a data incident in which an unauthorized actor gained access to Defendant Doxim, Inc.'s network and computer systems on December 30, 2023 and obtained unauthorized access to Doxim's files. Doxim, Inc. provided certain customer relationship management services to its credit union clients, including to Defendants Credit Union ONE and Beacon Credit Union, and in the course of that business relationship, the credit unions provided Doxim, Inc. with their customers' sensitive personal information. Plaintiffs Jonathan McKinley, Bruce Narolis, Rose McNichols, Alex Poplawski, Brian Satterwhite, and Thomas Wardop bring this consolidated class action on behalf of themselves and all other similarly situated persons, against Defendants Doxim, Inc., Credit Union ONE, and Beacon Credit Union for their alleged failure to adequately protect Plaintiffs' personally-identifiable

information ("PII") as a result of the December 30, 2023 data breach of Doxim, Inc.'s network and computer systems. ECF No. 21.

After Defendants each filed separate motions to dismiss, but before those motions were heard, the Parties began discussing settlement and scheduled a mediation. The motions to dismiss were stayed pending mediation. Following a successful full-day, arms-length mediation before an experienced mediator, the Parties agreed to the material terms of a settlement to settle all claims against all Defendants. The Parties worked to finalize the settlement and the Settlement Agreement was signed on January 26, 2026, and amended on April 30, 2026, as requested by the Court following an initial preliminary approval hearing.

This case is now before the Court on Plaintiffs' Unopposed Amended Motion for Preliminary Approval of the Class Action Settlement. ECF No. 74. A hearing on Plaintiffs' Unopposed Motion was held on June 4, 2026, at which counsel for the Parties appeared and presented argument. The Court, having considered Plaintiffs' Unopposed Amended Motion, the supporting Brief, the Parties' Amended Settlement Agreement dated April 30, 2026 (the "Amended Settlement Agreement"), attached to the Unopposed Amended Motion as Exhibit A, ECF No. 74-2; the proposed Postcard Notice Form, Long Form Notice, and Claim Form (attached as Exhibits 1, 2, and 3, respectively, to the Amended Settlement Agreement); the pleadings and other papers filed in this case; and the statements of counsel at the hearing, and for good cause shown,

2

**GRANTS** the Motion.

**WHEREFORE, IT IS HEREBY ORDERED THAT**:

**Preliminary Approval of the Proposed Amended Settlement**

1. The Court has subject matter jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendants Doxim, Inc., Credit Union ONE, and Beacon Credit Union, and any party to any agreement that is part of or related to the Settlement. Specifically, the Court finds that the Parties are minimally diverse, there are more than 100 members of the Settlement Class, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and the Settlement Class.

2. Upon preliminary review, pursuant to Fed. R. Civ. P. 23(e)(2), and the factors set forth in *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW") v. General Motors Corporation*, 497 F.3d 615 (6th Cir. 2007), the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

## **Provisional Certification of the Settlement Class**

3.     The Court provisionally certifies the following Settlement Class for settlement purposes only, finding it is likely to certify it at the final approval stage pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All living individuals residing in the United States who were identified by Doxim and who were sent notice by Doxim or Doxim's Credit Union Clients that their Private Information was impacted in the Data Incident.

4.     Excluded from the Settlement Class are all persons who are: (a) directors, officers, and employees of Defendants; (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff; (c) any Settlement Class Member who timely and validly opts-out of the Settlement; and (d) any individual who timely and validly opts-out of the Settlement.

5.     Subject to final approval of the Settlement, the Court determines that for settlement purposes only the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent Settlement Class members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common

issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate to represent the Settlement Class.

6. Plaintiffs Jonathan McKinley, Bruce Narolis, Rose McNichols, Alex Poplawski, Brian Satterwhite, and Thomas Wardrop are designated and appointed as the Class Representatives.

7. Jeff Ostrow of Kopelowitz Ostrow P.A., E. Powell Miller of The Miller Law Firm, P.C., Mariya Weekes of Milberg, PLLC, and Bryan L. Bleichner of Chestnut Cambronne P.A. are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The Court finds these counsel are experienced and will adequately protect the interests of the Settlement Class.

### Notice to the Settlement Class

8. The Notice, including the Postcard Notice and Long Notice Form, along with the Claim Form, attached as exhibits to the Amended Settlement Agreement, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process, and thus are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks that the Settlement requires.

9. The Court finds that the form, content, and method of the Notices: (a) constitute the best practicable notice to the Settlement Class;

(b) are reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

10. The Notice Program shall be completed no later than 45 days before the initial scheduled Final Approval Hearing date.

### Opting Out of the Settlement Class

11. Any Settlement Class Member who wishes to opt out of the Settlement must submit a written notification of such intent which shall be personally signed with a wet-ink signature. Such notification must be submitted by United States mail to the designated address established by the Settlement Administrator, postmarked no later than the Opt-Out Deadline, which is 30 days before the initial scheduled Final Approval Hearing date. The opt-out request must include the requestor's name, address, telephone number, and email address (if any), and include a written request to opt out of the Settlement Class. The opt-out request must include a wet ink signature personally signed by the individual seeking to opt out. Electronic signatures are prohibited. Any Settlement

Class Member who does not submit a valid and timely request to opt out in the manner described herein shall be bound by the Settlement, including all Releases, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

12. Settlement Class Members cannot opt-out by telephone or email. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members, where an opt-out request does not include a wet ink signature personally signed by each and every individual Settlement Class Member, will not be allowed.

13. All Settlement Class members who submit valid and timely requests to opt-out of the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

## Objecting to the Settlement

14. A Settlement Class Member who complies with the requirements of this Preliminary Approval Order and the Amended Agreement may object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards.

15. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class

member shall be received and considered by the Court, unless a written objection is submitted to the Court before the Objection Deadline, which shall be 30 days before the initial scheduled Final Approval Hearing date. For the objection to be considered by the Court, the written objection must include:

    a.    the objector's full name, mailing address, telephone number, and email address (if any);

    b.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

    c.    the name of the case, the case number, and the name of the court in which the objector has made any objection within the last five years;

    d.    the identity of all counsel (if any) who represent the objector;

    e.    whether the objector and/or objector's counsel will personally appear at the Final Approval Hearing;

    f.    a list of all persons who will be asked to testify at the Final Approval Hearing in support of the objection (if any); and

    g.    the objector's wet ink signature, which must be personally signed by the objector (an attorney's signature is not sufficient). Electronic signatures are prohibited.

16. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendants' Counsel, and the Settlement

Administrator, at the addresses listed on the Long Form Notice and which will also appear on the Settlement Website.

17. Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Preliminary Approval Order by appeal or any other means.

18. If a Settlement Class Member submits both an opt-out request and an objection, regardless of the order in which that occurs, the opt-out request shall control, the Settlement Class Member shall not have standing to object, and the objection shall be overruled.

### Claims Process and Distribution Plan

19. The Settlement establishes a Claim Process for assessing and determining the validity and value of Claims and a methodology for paying Settlement Class Members that submit a Valid Claim. The Court preliminarily approves this process.

20. Settlement Class Members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement, including the requirements and procedures in the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for Settlement Class Member Benefits, but who fail to submit a Claim in accordance with the requirements and

procedures specified in the Settlement, including the Claim Form requirements, shall be forever barred from receiving any of the Settlement Class Member Benefits. Such Settlement Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the Releases, the Final Approval Order, and final judgment.

## **Termination of the Settlement and Use of this Order**

21.    This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

22.    If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendants or Doxim's Credit Union Clients of

any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## Final Approval Hearing

23. A Final Approval Hearing shall take place before the Honorable Terrence G. Berg on October 28, 2026, at 10:00 a.m. in Courtroom 709 of the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement's terms, all claims in the Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards should be granted. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing. The Court may elect to hold the Final Approval Hearing

11

virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website. The hearing may be re-scheduled without further notice to the Settlement Class. Any changes in the date or time will be posted on the Settlement Website.

24. Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, and Service Awards of up to $2,500.00 per Class Representative to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

25. Class Counsel shall file the Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards no later than 45 days before the initial scheduled Final Approval Hearing date. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees, costs, and Service Awards.

26. Any Settlement Class Member who has not timely and properly opted out from the Settlement in the manner described below, may appear at the Final Approval Hearing in-person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement. However, no Settlement Class Member who has elected to opt-out from the Settlement shall be entitled to object or otherwise

appear. Further, no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements set forth in this Preliminary Approval Order pertaining to objections, which are described above.

## Settlement Administration

27. Epiq Class Action & Claims Solutions, Inc. is appointed as the Settlement Administrator, with responsibility for handling the Notice Program and overseeing the Claim Process. All Settlement Administration Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

## Stay of Proceedings

28. Except as necessary to effectuate this Preliminary Approval Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and judgment, or until further order of this Court.

29. Upon entry of this Order, with the exception of Class Counsel's, Defendants' Counsel's, Defendants', and the Class Representatives' implementation of the Settlement and the approval process in this Action, all Settlement Class Members shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendants or Doxim's Credit Union Clients and the Released Parties arising out of, relating to, or in

connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement

## Adjournment or Continuance of Final Approval Hearing

30. The Court, at its direction, may adjourn or continue the Final Approval Hearing date without further written notice to the Settlement Class. If the Court does so, the new date shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

## Jurisdiction Pending Settlement Approval

31. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

## Summary of Deadlines

32. The Settlement, as preliminarily approved, shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| EVENT | DATE |
|---|---|
| Deadline to commence Notice Program | Within 45 days following the Preliminary Approval Order |

14

| Deadline to complete Notice Program | 45 days before the initial scheduled Final Approval Hearing date |
|---|---|
| Deadline for filing Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards | 45 days before the initial scheduled Final Approval Hearing date |
| Opt-Out Deadline | 30 days before the initial scheduled Final Approval Hearing date |
| Objection Deadline | 30 days before the initial scheduled Final Approval Hearing date |
| Claim Form Deadline | 15 days before the initial scheduled Final Approval Hearing date |
| Final Approval Hearing | **October 28, 2026, at 10:00 a.m. in Courtroom 709** |

**IT IS SO ORDERED.**

Dated: June 5, 2026          /s/Terrence G. Berg
                                          HON. TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

15